[No. 5069.   Decided March 15, 1905.]

JOHN MINDER, *Respondent,* v. ERNEST MOTTAZ *et al.,*
*Appellants.*[1]

APPEAL AND ERROR—REVIEW. Findings upon conflicting evidence
will not be disturbed when the evidence does not preponderate
against the same.

CO-TENANCY—IMPROVEMENTS—WHEN NOT CHARGED AGAINST CO-
TENANT—OTHER LAND IN LIEU OF IMPROVED LOTS. In an action
by a tenant in common to recover a half interest in real estate,
deed for which was held by the co-tenants under a claim that
plaintiff's interest was only in the nature of a loan, the defend-
ants are not entitled to charge the land with the value of their
improvements, where the plaintiff's testimony was undisputed
that it had been agreed that plaintiff was to deed the defendants
the improved lots and receive an equal quantity of land in lieu
thereof, and judgment should be entered for such division.

Appeal from a judgment of the superior cour for Ste-
vens county, Richardson, J., entered September 21, 1903,

[1]Reported in 79 Pac. 996.

upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to recover an interest in real property. Modified.

*J. A. Rochford* and *Danson & Huneke,* for appellants.

*C. A. Mantz,* for respondent.

Fullerton, J.—On January 17, 1900, J. M. Corbet and wife entered into a contract with Ernest Mottaz and Albert Beach, by which the former agreed to sell to the latter certain real property, situated in Stevens county, for a consideration of $900. Beach, it seems, was either unable or unwilling to pay for his interest, and assigned the same in writing to the respondent herein. The respondent paid to the appellant Mottaz, at the time of the assignment, $250, which went towards the purchase price, and later on paid him, in money and money's worth, the balance of his share of the purchase price. Thereafter Mottaz paid the amount owing on the purchase price to Corbet and received a deed running, in accordance with the original contract, to himself and Beach. Later Beach conveyed his interest in the title thus acquired to Mottaz. The respondent thereupon demanded of Mottaz a conveyance to himself of an undivided one-half interest in the property, which was refused him; Mottaz contending that any money the respondent had advanced toward the purchase price of the land was advanced by way of a loan, and gave the respondent no interest whatever in the property itself. The court, however, adopted the respondent's theory, and entered a judgment awarding him an undivided one-half interest in the property.

The questions submitted by the record are wholly questions of fact. Each side has been able to produce a number of witnesses, and to advance a number of circum-

stances, to support its contention, and the record does not leave the question at issue entirely free from doubt. But we are not prepared to say that the trial court did not reach a correct conclusion. Its opportunity to judge of the credibility of the witnesses is much better than is this court's, and, when the evidence seems not to preponderate against its conclusions, it is our practice to follow the lower court. On the main question, therefore, its finding will be affirmed.

The appellants, however, contend that they have placed improvements on the property aggregating $1,500, and that the court, in awarding an undivided half interest in the land to the respondent, should have charged such interest with one-half of the value of the improvements, and ask us to direct an amendment to the decree, at least in this particular. But it seems that the appellants are not entitled to the order as asked for. The respondent testified, without contradiction, that it was understood that he was to deed to Mrs. Mottaz his interest in the lot on which the improvements were placed, and receive from the appellants a deed for their interests in an equal quantity of land to be selected near by. This being true, the judgment should have provided for the exchange as agreed upon, and is erroneous in that particular.

The order of this court will be, therefore, that the judgment be reversed, and the cause remanded with instructions to enter a judgment awarding to the appellants the lot upon which the improvements stand, and to the respondent, an equal quantity of land in lieu thereof; and that the remainder be awarded to the parties as tenants in common. If the parties cannot agree on what land shall be awarded the respondent in lieu of the lot on which the improvements stand, the court shall make the award, tak-

ing such further evidence as it deems necessary. Neither party will recover costs in this court.

MOUNT, C. J., HADLEY, and DUNBAR, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.